2006 ME 126

**LaMARCHE FOR GOVERNOR COMMITTEE**

v.

**COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES.**

Supreme Judicial Court of Maine.

Argued: Oct. 31, 2006.
Decided: Nov. 2, 2006.

Lynne A. Williams, Esq. (orally), Bar Harbor, for plaintiff.

G. Steven Rowe, Attorney General, Phyllis Gardiner, Assistant Attorney General (orally), Augusta, Michael K. Mahoney, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, (for Maine Democratic Party), for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] This matter is before us to consider an expedited appeal [1] by the LaMarche for Governor Committee from a judgment of the Superior Court (Kennebec County, *Studstrup, J.*) affirming findings by the Maine Commission on Governmental Eth-

---

1. Because resolution of these issues before the November 7, 2006, election is important, we granted LaMarche's motion to expedite the appeal. We appreciate the efforts of LaMarche and the Attorney General, representing the Commission, to provide us quality advocacy on short notice. Although representatives of the Maine Democratic Party, the Republican Governors Association, and the Democratic and Republican Candidates for Governor participated in the proceedings before the Commission, they did not participate in the proceedings before us. Because those parties did not participate before this Court, our review and decision must be cautiously limited to the facts of this case and the legal issues that permit resolution with the expedition that the situation requires.

ics and Election Practices that certain advertisements did not expressly advocate the election or defeat of a clearly identified candidate as those terms are addressed in 21-A M.R.S. § 1019-B(1)(A) (2005) and 11 C.M.R. 94 270 001-8 § 10(2)(B) (2005) of the Commission regulations.

■ [¶ 2] The issue before the Commission was whether the Republican Governors Association and the Maine Democratic Party had made "independent expenditures" in television advertisements "for any communication that expressly advocates the election or defeat of a clearly identified candidate." 21-A M.R.S. § 1019-B(1).[2] When "independent expenditures" are made expressly advocating the election or defeat of a particular candidate in an election in which there are publicly funded candidates for the office, the opposing publicly funded candidates may receive additional public funds equal to the reported independent expenditures. 21-A M.R.S. § 1125(9) (2005).

■ [¶ 3] The Commission was the factfinder in the first instance in this case. When the Superior Court has performed an appellate review of an administrative decision, we directly review the agency's decision for an appropriate exercise of discretion, error of law, or findings not supported by the evidence. *York Ins. of Me.,*

---

2. Title 21-A M.R.S. § 1019-B(1), (3) (2005) provide in relevant part:

   **1. Independent expenditures; definition.** For the purposes of this section, an "independent expenditure":

   **A.** Is any expenditure made by a person, party committee, political committee or political action committee, other than by contribution to a candidate or a candidate's authorized political committee, for any communication that expressly advocates the election or defeat of a clearly identified candidate; and

   **B.** Is presumed in races involving a candidate who is certified as a Maine Clean Election Act candidate under section 1125, subsection 5 to be any expenditure made to design, produce or disseminate a communication that names or depicts a clearly identified candidate and is disseminated during the 21 days, including election day, before a primary election; the 21 days, including election day, before a general election; or during a special election until and on election day.
   . . . .

   **3. Report required; content; rules.** A person, party committee, political committee or political action committee that makes independent expenditures aggregating in excess of $100 during any one candidate's election shall file a report with the commission. In the case of a municipal election, a copy of the same information must be filed with the municipal clerk.

   **A.** A report required by this subsection must be filed with the commission according to a reporting schedule that the commission shall establish by rule that takes into consideration existing campaign finance reporting requirements and matching fund provisions under chapter 14. Rules adopted pursuant to this paragraph are routine technical rules as defined in Title 5, chapter 375, subchapter 2-A.

   **B.** A report required by this subsection must contain an itemized account of each contribution or expenditure aggregating in excess of $100 in any one candidate's election, the date and purpose of each contribution or expenditure and the name of each payee or creditor. The report must state whether the contribution or expenditure is in support of or in opposition to the candidate and must include, under penalty of perjury, as provided in Title 17-A, section 451, a statement under oath or affirmation whether the contribution or expenditure is made in cooperation, consultation or concert with, or at the request or suggestion of, the candidate or an authorized committee or agent of the candidate.

   **C.** A report required by this subsection must be on a form prescribed and prepared by the commission. A person filing this report may use additional pages if necessary, but the pages must be the same size as the pages of the form.

*Inc. v. Superintendent of Ins.,* 2004 ME 45, ¶ 13, 845 A.2d 1155, 1159.

[¶ 4] Here the Commission applied its collective judgment, expressed in a four-to-one vote, to decide that none of the six ads at issue constituted express advocacy of a clearly identified candidate to meet the definition of "independent expenditure" in section 1019–B(1)(A). The Commission determined that the authorizing statute, section 1019–B(1)(A), was very narrowly drawn in response to considerations articulated by the United States Supreme Court.[3] The Commission then concluded that it was obligated to interpret its rule narrowly to be consistent with the statute and encompass only express advocacy. On this record, the Commission's decision represents a reasonable interpretation of the applicable law, and the Commission did not exceed the bounds of its discretion.

The entry is:

Judgment affirmed.

---

3. *See Buckley v. Valeo,* 424 U.S. 1, 80, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (regulation of independent expenditures in election campaigns restricted to "funds used for communications that expressly advocate the election or defeat of a clearly identified candidate").