MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2013 ME 53
Docket:       Ken-12-363
Argued:       April 11, 2013
Decided:      May 30, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

NATIONAL ORGANIZATION FOR MARRIAGE et al.

v.

COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION
PRACTICES

SAUFLEY, C.J.

[¶1]  The National Organization for Marriage (NOM), Stand for Marriage Maine PAC (SMM), and Brian Brown appeal from a judgment of the Superior Court (Kennebec County, *Murphy, J.*) affirming the decision of the Commission on Governmental Ethics and Election Practices refusing to vacate or modify its subpoenas demanding information from NOM and Brown, including the names of donors to NOM.  The appellants contend that the Commission's subpoenas infringe on their First Amendment right to freedom of association because disclosure would expose NOM's donors to threats, harassment, and reprisal.  Their appeal is the culmination of several years of litigation surrounding SMM's advocacy in favor of a ballot question presented to Maine voters in 2009.  Our review of the extensive record, the Superior Court's well-reasoned opinion, and the

2

detailed analysis of related issues by our federal court colleagues[1] leads us to conclude that, on the facts of this case, the Commission did not err. We affirm the Commission's order.

DISCUSSION

[¶2]  The Commission subpoenaed documents and testimony from NOM and Brown as part of an investigation that began in 2009. The Commission seeks the names of donors to NOM in order to allow the Commission to evaluate the oral communications NOM made in soliciting donations during the 2009 election season, a critical issue in determining NOM's compliance with Maine's campaign laws. The appellants petitioned the Commission to vacate or modify the subpoenas pursuant to 5 M.R.S. § 9060(1)(C) (2012). After the Commission rejected their contentions, they petitioned for review of the Commission's decision in the

---

[1]  Related federal litigation to which NOM was a party led to numerous decisions with extensive analyses. *See Nat'l Org. for Marriage, Inc. v. McKee*, 669 F.3d 34 (1st Cir. 2012), *cert. denied*, 133 S. Ct. 163 (2012); *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 1635 (2012); *Nat'l Org. for Marriage v. McKee*, 765 F. Supp. 2d 38 (D. Me. 2011); *Nat'l Org. for Marriage v. McKee*, 723 F. Supp. 2d 236 (D. Me. 2010); *Nat'l Org. for Marriage v. McKee*, 666 F. Supp. 2d 193 (D. Me. 2009).

In this litigation, NOM had the opportunity to, and in several instances did, present its constitutional arguments regarding the identities of its donors to the federal judiciary. Its arguments were not persuasive, and in at least one proceeding, NOM affirmatively chose not to pursue the very claim it presses here. *See Nat'l Org. for Marriage*, 649 F.3d at 55 n.30. Therefore, not unreasonably, the Commission argues that NOM is precluded from litigating these challenges further. Nonetheless, in an effort to bring this protracted litigation to a close, we reach, consider, and rule on its constitutional challenge.

Superior Court pursuant to M.R. Civ. P. 80C. The Superior Court affirmed, and this appeal followed.

[¶3] The appellants allege that compliance with the subpoenas could chill their First Amendment right of association by intruding into the privacy of individuals involved with their organizations.[2] The record reveals that the Commission's request for the donor information was central to the Commission's ability to carry out its statutory responsibilities. *See* 21-A M.R.S. § 1003(1) (2012) (authorizing the Commission to undertake investigations to determine compliance with campaign reporting requirements); 21-A M.R.S. § 1056-B (2009) (identifying the criteria and reporting requirements for ballot question committees).[3] The Superior Court evaluated these legal claims in a thorough opinion.

[¶4] We have reviewed the record and the parties' arguments carefully to ensure that the important rights protected by the First Amendment have been thoroughly considered, and that NOM's assertions have not been overlooked. In so doing, we directly review the Commission's decision in this Rule 80C appeal.

---

[2] The appellants also contend that the Commission's subpoenas were overbroad and sought irrelevant information. Given our deferential standard of review for this type of contention, *see* 5 M.R.S. § 11007(4)(C)(6) (2012), we do not address this argument further.

[3] Title 21-A M.R.S. § 1056-B (2009) was subsequently amended by P.L. 2009, ch. 524, §§ 8-13 (effective July 12, 2010) and P.L. 2011, ch. 389, §§ 38-42, 62 (effective in part Aug. 1, 2011, otherwise effective June 20, 2011).

4

*See LaMarche for Governor Comm. v. Comm'n on Governmental Ethics & Election Practices*, 2006 ME 126, ¶ 3, 908 A.2d 1205.

[¶5] We conclude that the record does not support the appellants' constitutional argument. Given the status of the dispute at this point in time,[4] the extensive litigation that has already occurred, and the Superior Court's well-reasoned, comprehensive decision, *see Nat'l Org. for Marriage v. Comm'n on Governmental Ethics & Election Practices*, 2012 WL 7992438 (Me. Super. June 27, 2012), we need not write further. *See Hammer v. Sec'y of State*, 2010 ME 109, ¶ 4, 8 A.3d 700; *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 371 (2010) (reasoning that transparency in campaign finance "enables the electorate to make informed decisions and give proper weight to different speakers and messages"); *Nat'l Org. for Marriage, Inc. v. McKee*, 669 F.3d 34, 39-41 (1st Cir. 2012), *cert. denied*, 133 S. Ct. 163 (2012) (holding that 21-A M.R.S. § 1056-B survives exacting scrutiny "because its modest disclosure and reporting requirements are substantially related to Maine's interest in disseminating information about political funding to the electorate" (quotation marks omitted)); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159-63 (9th Cir. 2010) (describing the

---

[4] At oral argument, it became clear that many of the records that the Commission subpoenaed have already been provided, either through this litigation or through parallel litigation in the federal courts.

showing required to demonstrate a prima facie case of chill to the First Amendment freedom of association).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Stephen C. Whiting, Esq., The Whiting Law Firm, Portland, and Kaylan L. Phillips, Esq., ActRight Legal Foundation, Plainfield, Indiana, for appellants The National Organization for Marriage, Stand for Marriage Maine PAC, and Brian Brown

William J. Schneider, Attorney General, and Phyllis Gardiner and Thomas A. Knowlton, Asst. Attys. Gen., for appellee Commission on Governmental Ethics and Election Practices

**At oral argument:**

Kaylan L. Phillips, Esq., for appellants The National Organization for Marriage, Stand for Marriage Maine PAC, and Brian Brown

Phyllis Gardiner, Asst. Atty. Gen., for appellee Commission on Governmental Ethics and Election Practices

Kennebec County Superior Court docket number AP-10-12
FOR CLERK REFERENCE ONLY